UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,           Criminal Nos. 01-52, 06-262 (JRT/SRN)

                Respondent/Plaintiff,
                                            **MEMORANDUM OPINION AND
v.                                          ORDER DENYING PETITION FOR
                                            WRIT OF ERROR** *CORAM NOBIS*
ABDEL-ILAH ELMARDOUDI,

                Petitioner/Defendant.


Richard A. Newberry, Jr. and Jeffrey S. Paulsen, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55414, for respondent.

Abdel-Ilah Elmardoudi, #09799-041, USP-Leavenworth, P.O. Box 1000, Leavenworth, KS 66048, petitioner *pro se*.

On August 29, 2006, petitioner Abdel-Ilah Elmardoudi pled guilty to a four-count indictment charging him with unauthorized access device trafficking, 18 U.S.C. §§ 1029(a)(2), (c), possession of unauthorized access devices, 18 U.S.C. § 1029(a)(3), (c), access device fraud, 18 U.S.C. § 1029(a)(5), (c), and escape, 18 U.S.C. § 751(a). On September 25, 2006, this Court sentenced Elmardoudi to a fifty-one month sentence on each of the four counts, to be served concurrently, and three years of supervised release. Elmardoudi now petitions the Court for writ of error *coram nobis*, seeking to vacate these convictions and sentences. For the reasons discussed below, the Court denies Elmardoudi's petition.

# BACKGROUND[1]

## I. PROCEDURAL HISTORY

On March 6, 2001, Elmardoudi was arrested while illegally memorizing credit card and telephone calling card numbers at the Minneapolis-St. Paul International Airport and then passing that information to others, who used the information to pay for telephone calls. On April 4, 2001, Elmardoudi was arraigned in the United States District Court for the District of Minnesota on charges of unauthorized access device trafficking, 18 U.S.C. §§ 1029(a)(2), (c), possession of unauthorized access devices, 18 U.S.C. § 1029(a)(3), (c), and access device fraud, 18 U.S.C. § 1029(a)(5), (c). On April 19, 2001, Elmardoudi escaped from a halfway house in which he was detained pending trial. The Court then issued a bench warrant for Elmardoudi's arrest. While a fugitive, Elmardoudi committed additional federal offenses, including social security fraud and conspiracy to make and use false government identification documents in Iowa. Elmardoudi was charged in the Northern District of Iowa with those offenses on August 16, 2006.

On November 4, 2002, Elmardoudi was arrested and has been in federal custody since that time. After his arrest, Elmardoudi was transferred to the Eastern District of Michigan, where he was charged with terrorism offenses. Elmardoudi was subsequently

---

[1] The Court provides the facts and procedural background of this case only to the extent necessary to address Elmardoudi's petition. A full recitation of the facts may be found in opinions written by the Eighth Circuit, *United States v. Elmardoudi*, 501 F.3d 935 (8th Cir. 2007), and the United States District Court for the Northern District of Iowa, *United States v. Elmardoudi*, No. 06-CR-0112-LRR, 2007 WL 186526 (N.D. Iowa Jan. 22, 2007).

convicted of conspiracy to provide material support and resources to terrorists and conspiracy to engage in document fraud.  On September 2, 2004, however, the district court for the Eastern District of Michigan vacated Elmardoudi's terrorism convictions and dismissed the indictment without prejudice after the prosecution admitted to violations of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).  The district court granted a new trial on the document fraud count, but that count was later dismissed.

On September 21, 2004, nineteen days after the dismissal of the terrorism case in Michigan, Elmardoudi and federal prosecutors began discussing a "global" plea agreement, which would resolve all cases pending against him: the original charges in the District of Minnesota, the charges in the Northern District of Iowa, and the remaining charges in the Eastern District of Michigan.  After prosecutors signed a proffer agreement on October 12, 2004, however, there was a significant stall in the plea agreement negotiations.

On July 19, 2005, after over two-and-a-half years in custody, Elmardoudi filed a petition for habeas corpus in the Eastern District of Michigan.  Soon thereafter, the prosecution began more diligently pursuing the plea negotiations.  On January 3, 2006, Elmardoudi communicated to the government an unambiguous rejection of the global plea offer and requested to be transferred back to the District of Minnesota to face the charges pending there.  After his transfer request was granted, on February 28, 2006, Elmardoudi filed a motion to dismiss the pending Minnesota charges for constitutional and statutory violations of his right to a speedy trial.

On August 2, 2006, this Court granted Elmardoudi's motion to dismiss, finding violations of Elmardoudi's statutory speedy trial rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) (holding that a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment), and constitutional speedy trial rights under the Sixth Amendment to the United States Constitution. (Case No. 01-52, Order, Docket No. 84, at 21-22.) The Court dismissed the indictment without prejudice. Elmardoudi was then re-indicted, and on August 29, 2006, Elmardoudi pled guilty to a new four-count indictment for the original access-device fraud charges and for escape from federal custody, 18 U.S.C. § 751(a). On September 11, 2006, the Court sentenced Elmardoudi to fifty-one months on each of the four counts, to be served concurrently, and with appropriate credit for his time served in federal custody.

In March 2007, an Iowa district judge sentenced Elmardoudi to sixty months imprisonment on outstanding charges in the Northern District of Iowa, to be served consecutive to the sentences imposed by this Court.

## II.  APPEAL TO THE EIGHTH CIRCUIT

Elmardoudi appealed the judgment and sentence of this Court to the Eighth Circuit, arguing that the Court should have dismissed his case with prejudice for the Sixth Amendment speedy trial violation.

Although the Court has discretion to dismiss charges with or without prejudice for violations of the Speedy Trial Act, *see* 18 U.S.C. § 3162(a)(2), it is generally recognized that violations of constitutional speedy trial rights require dismissal with prejudice. *See*

*United States v. Elmardoudi*, 501 F.3d 935, 943 n.7 (8th Cir. 2007). The Eighth Circuit affirmed this Court's judgment, however, concluding that although the Court's failure to dismiss the indictment with prejudice was plain error under the Sixth Amendment, the error did not require dismissal of the charges with prejudice because the Court's ruling did not "seriously affect the fairness, integrity, or public reputation" of the judicial proceedings. *Id.* at 944. The circuit reasoned that "the public's interest in conviction and punishment of the guilty outweighed competing constitutional values" such as the right to a speedy trial. *Id.* In particular, the Eighth Circuit noted that Elmardoudi did not argue on appeal that he was innocent or that the speedy trial violation prejudiced him by making it harder to defend himself, and did not otherwise cast doubt on his guilt. *Id.*

Elmardoudi now petitions the Court, pursuant to a writ of error *coram nobis*, to vacate his conviction and sentence for the Minnesota charges. Specifically, Elmardoudi contends that he is entitled to *coram nobis* relief because he was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment. The practical effect of granting *coram nobis* relief, given that Elmardoudi has been in federal custody since November 2002, is that Elmardoudi will have completed serving the sixty-month sentence imposed by the Northern District of Iowa.

## DISCUSSION

### I. *CORAM NOBIS*

A petitioner who is no longer in custody under his sentence may petition a federal court for a writ of error *coram nobis* to vacate the conviction and the sentence against

him.  *United States v. Morgan*, 346 U.S. 502, 505 (1954).  Federal courts have authority to grant a writ of error *coram nobis* pursuant to the All Writs Act.  28 U.S.C. § 1651; *Morgan*, 346 U.S. at 506 n.6.  Relief "should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."  *Morgan*, 346 U.S. at 511.  The Supreme Court recently elaborated on this standard, describing the writ as "an extraordinary tool to correct a legal or factual error."  *United States v. Denedo*, 129 S. Ct. 2213, 2221 (2009).  Generally, prior proceedings are presumed to be correct, and "the burden rests on the accused to show otherwise."  *Morgan*, 346 U.S. at 512.  The Eighth Circuit adds that "a petitioner must show a compelling basis before coram nobis relief will be granted, and the movant must articulate the fundamental errors and compelling circumstances for relief in the application for *coram nobis*."  *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (citation and internal quotation marks omitted).[2]

---

[2] Other federal courts provide a more detailed test.  Indeed, a common test has emerged in the Third, Fourth, Ninth, and Tenth Circuits:

> [R]elief is appropriate where (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*United States v. Williams*, 2009 WL 1872111, at *4 (D.D.C. June 3, 2009) (citing *United States v. Hansen,* 906 F. Supp. 688, 692-93 (D.D.C. 1995)).  The Second Circuit has established a variation of the test, which at base, requires the same showings: "A petitioner seeking [*coram nobis*] relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist [] for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996).  Here, the Court finds that the Eighth Circuit's standard accounts for the more detailed requirements outlined in its sister

(Footnote continued on next page.)

- 6 -

## II. ELMARDOUDI'S PETITION FOR RELIEF

Elmardoudi contends that he is entitled to *coram nobis* relief because he was deprived of effective assistance of counsel in violation of the Sixth Amendment.[3] To support a valid claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotations omitted). The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the second prong of *Strickland,* a defendant must show a "reasonable probability

---

(Footnote continued.)

circuits and, more importantly, addresses the heart of the Supreme Court's seminal case in *United States v. Morgan*.

[3] On March 2, 2009, the Court directed the Government to respond to Elmardoudi's petition for writ of error *coram nobis*. On May 5, 2009, the Government responded, but characterized the alleged "fundamental error" as a violation of the Sixth Amendment right to a speedy trial, which was addressed by the Eighth Circuit on appeal. The Court notes the distinction that Elmardoudi now makes: here, Elmardoudi argues that his Sixth Amendment **right to ineffective assistance of counsel** was violated by his counsel's failure to argue that a violation of the Sixth Amendment right to a speedy trial could be remedied only by dismissal of the indictment with prejudice. Accordingly, although the Court relies in part on the Eighth Circuit's opinion in concluding the Elmardoudi's petition must be denied, it does not do so based on the law of the case.

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Eighth Circuit concluded on appeal from this Court's judgment that "Elmardoudi did not contend below that the Sixth Amendment speedy trial remedy was different from the statutory speedy trial remedy or that dismissal with prejudice was mandatory." *Elmardoudi*, 501 F.3d at 944. As a result, the circuit applied plain error review to the Court's choice of remedy.

Elmardoudi now claims that his counsel, Douglas Altman,[4] was ineffective because Altman failed to argue that the mandatory remedy for the violation of Elmardoudi's constitutional speedy trial rights was dismissal of the case with prejudice; Altman failed to argue that the remedy for a violation of Elmardoudi's constitutional speedy trial rights was different than the remedy for violations of the Speedy Trial Act; and Altman failed to inform Elmardoudi that the charges against him, as brought in the new indictment, were "constitutionally barred." Elmardoudi further argues that these failures substantially affected the result of the proceedings because if the law had been properly cited, the Court would have had to follow that law, and if Elmardoudi had been informed that dismissal with prejudice was the only remedy for the constitutional violations, he would not have pled guilty to the charges in the new indictment.

---

[4] On February 28, 2006, Elmardoudi's counsel from the Office of the Federal Defender moved to withdraw from representation of Elmardoudi, and on March 1, 2006, Douglas Altman was appointed as counsel to Elmardoudi.

### A. Failure to Research or Cite Case Law

Elmardoudi contends that Altman did not render effective assistance because he did not diligently research case law or cite the Supreme Court case, *United States v. Strunk*, 412 U.S. 434 (1973), for the proposition that the remedy for a constitutional speedy trial violation is dismissal with prejudice. As an initial matter, the Court finds that Altman's failure to cite *Strunk* for such a rule was not objectively unreasonable. Indeed, as the Eighth Circuit noted on appeal, although *Strunk* holds that the only possible remedy for a Sixth Amendment speedy trial violation is dismissal, *Strunk* does not explicitly hold that dismissal must be with prejudice. *Elmardoudi*, 501 F.3d at 943, n.7. Rather, that proposition has developed in later cases. *Id.*

It appears from the record that Altman argued that dismissal with prejudice was appropriate. For example, Elmardoudi's supplemental memorandum to the motion to dismiss, submitted by Altman, states: "[P]ursuant to the Speedy Trial Act, Mr. Elmardoudi's indictment should be dismissed with prejudice. . . . The same result is reached under the Sixth Amendment, which guarantees a criminal defendant the right to a speedy trial." (Def.'s Supplemental Mem. in Supp. of Mot. to Dismiss, Case No. 06-262, Docket No. 69, at 11.) In a footnote from that excerpt, the brief contends that "a dismissal without prejudice is a remedy that provides no benefit to Mr. Elmardoudi, since the government may re-indict him within six (6) months under 18 U.S.C. § 3288." (*Id.*,

at 11 n.6). One paragraph after making that assertion, the brief once again states "[u]nder the 6th Amendment, therefore, the indictment must be dismissed."[5] (*Id.*, at 12.)

On June 1, 2006, the United States Magistrate Judge issued a Report and Recommendation recommending that this Court deny Elmardoudi's motion to dismiss for violations of his rights under the Speedy Trial Act and the Sixth Amendment. (Report and Recommendation, Case No. 06-262, Docket No. 73, at 47.) Elmardoudi objected to that Report and Recommendation through a brief submitted by Altman. In those objections, Altman reiterated that the Court should dismiss the case with prejudice. Indeed, the heading of the discussion of Elmardoudi's speedy trial rights stated, "Based upon the breach of the Speedy Trial Act and the deprivation of Mr. Elmardoudi's Sixth Amendment Rights, this case must be dismissed with prejudice." (Objections to the Report and Recommendation, Case No. 06-262, Docket No. 80, at 4.) Altman repeats that point later in the brief, explicitly incorporating the arguments he made in the supplemental brief on the motion to dismiss: "even the Report's factual findings support a ruling that this case should be dismissed with prejudice on either [Speedy Trial Act] or 6th Amendment grounds." (*Id.*, at 9.) The objections conclude that Elmardoudi's

---

[5] The Court also notes that Elmardoudi's counsel prior to Altman argued specifically in her brief supporting the motion to dismiss that pursuant to "the Speedy Trial Act, 18 U.S.C. § 3161, the Sixth Amendment and the Due Process Clause of the United States Constitution[,] . . . [Elmardoudi's] excessive and lengthy pretrial delay . . . deprived him of his rights and unduly prejudiced him, and the required remedy is dismissal with prejudice." (Def.'s Pretrial Mot. to Dismiss, Docket No. 44, at 1.)

indictment "should be dismissed with prejudice on Speedy Trial Act or 6th Amendment grounds." (*Id.*, at 10.)

After receiving Elmardoudi's objections and the government's response, the Court rejected the speedy trial conclusions in the Report and Recommendation, finding that Elmardoudi's motion to dismiss for Speedy Trial Act and constitutional speedy trial violations should be granted. The Court, however, dismissed the case without prejudice. On August 25, 2006, after the government re-indicted Elmardoudi, Altman moved to dismiss the indictment, asserting that "the Court erred when it dismissed without prejudice an identical indictment . . . when the dismissal should have been with prejudice. Therefore, the indictment in this case should never have been brought." (Mot. to Dismiss, Case No. 06-262, Docket No. 13, at 1.) The Court denied the motion, referring Elmardoudi to the reasoning in its order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation. (Order Denying the Mot. to Dismiss, Case No. 06-262, Docket No. 18.)

Elmardoudi also contends that if he had been informed that the charges in the new indictment were "constitutionally barred," he would not have pled guilty to those charges. Although previous federal courts have acknowledged viable ineffective assistance claims relating to attorneys' actions at the plea negotiation stage, *see e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 56 (1985), Elmardoudi's case is different. The record indicates that at the time he pled guilty, Elmardoudi was aware that his attorney was asserting that dismissal with prejudice was the appropriate remedy for the original constitutional violation. Indeed, Elmardoudi's guilty plea was explicitly conditioned on the reservation of his right to

appeal the Court's dismissal of the prior indictment without prejudice. *See Elmardoudi*, 501 F.3d at 937; (Rule 11(a)(2) Reservation, Case No. 06-262, Docket No. 20.) Under those circumstances and given the presumption that his attorney's actions were reasonable, the Court cannot find that Elmardoudi's counsel was constitutionally ineffective by failing to inform Elmardoudi of the circumstances surrounding the plea agreement. Elmardoudi was well aware of the issue for appeal, and he entered a guilty plea knowing that the Court's conclusion as to the proper remedy was being contested.

Regardless, the Court agrees with the Eighth Circuit that Altman failed to distinguish between the remedies available for Speedy Trial Act violations and for Sixth Amendment speedy trial violations. The Court also agrees that Altman failed to indicate that the general law accepted by federal courts mandates dismissal with prejudice for Sixth Amendment violations. In those circumstances, it is certainly arguable that Altman's representation of Elmardoudi fell below an objective standard of reasonableness. However, assuming without deciding that but for Altman's alleged errors, the result of the proceedings would be different, and thus that such conduct constituted "fundamental error," the Court finds below that the circumstances do not compel *coram nobis* relief.

### B. Circumstances Compelling Relief to Achieve Justice

At base, Elmardoudi is attempting to challenge this Court's remedy for the constitutional speedy trial violation and the Eighth Circuit's conclusion that any plain error in that ruling does not require dismissal. In reviewing the Court's dismissal of the

indictment without prejudice, the Eighth Circuit noted that even though it found plain error, and such error affected defendant's substantial rights, the circuit had discretion in deciding whether that error required dismissal. *Elmardoudi*, 501 F.3d at 944 (citing *United States v. Olano*, 507 U.S. 725, 732-35 (1993)). The Circuit indicated that it would only exercise its discretion in this context if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings, whether because the defendant is actually innocent or for some other reason." *Elmardoudi*, 501 F.3d at 944 (internal quotation marks omitted). The Eighth Circuit concluded: "while we acknowledge the gravity of the Sixth Amendment violation," dismissal was inappropriate where Elmardoudi's guilt was "uncontroverted or overwhelming." *Id.*

Against that backdrop, the Court simply cannot conclude that *coram nobis* relief is necessary to achieve justice. *See Morgan*, 346 U.S. at 511. Although he now challenges this Court's prior decision through a Sixth Amendment ineffective-assistance-of-counsel claim, Elmardoudi does not now contend that he is innocent, nor does he allege any grounds that would lead the Court to call his guilt into question. *See Elmardoudi*, 501 F.3d at 944. The Court is unable to conclude under those circumstances – after the Eighth Circuit had an opportunity to review the same circumstances on appeal – that justice requires *coram nobis* relief, or that justice will not be served absent such relief.

In sum, "the public's interest in conviction and punishment of the guilty" continues to outweigh the competing Sixth Amendment speedy trial right. *See id.* Accordingly, Elmardoudi's petition for writ of error *coram nobis* is denied.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Abdel-Ilah Elmardoudi's Petition for Writ of Error *Coram Nobis* ("Motion of Coram Nobis") [Case No. 06-262, Docket No. 56; Case No. 01-52, Docket No. 91] is **DENIED**.

2. Petitioner Abdel-Ilah Elmardoudi's Motion for Trial Transcript, Copy of Docket Sheet, and Sentencing Transcript [Case No. 06-262, Docket No. 54; Case No. 01-52, Docket No. 90] is **DENIED as moot**.

3. Petitioner Abdel-Ilah Elmardoudi's Motion to Expedite *Coram Nobis* Motion [Case No. 06-262, Docket No. 57; Case No. 01-52, Docket No. 92] is **DENIED**.

4. Petitioner Abdel-Ilah Elmardoudi's Motion for Extension of Time to Reply [Case No. 06-262, Docket No. 62; Case No. 01-52, Docket No. 97] is **GRANTED**.

5. Petitioner Abdel-Ilah Elmardoudi's Motion for Leave to File a Reply [Case No. 06-262, Docket No. 63; Case No. 01-52, Docket No. 98] is **GRANTED**.

DATED: September 23, 2009
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge